IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cr-30084 |
| ) | |
| CHARLES BRACKHAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Charles Brackhan's Motion for Compassionate Release (d/e 63) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On September 25, 2014, Defendant pled guilty to Counts One, Three, and Five of the Superseding Indictment. Count One of the Superseding Indictment charged Defendant with manufacturing a substance containing marijuana, in violation of 21 U.S.C. § 841(a)(1). Count Three charged Defendant with possessing, brandishing, and discharging a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(iii). Count Five charged Defendant with possessing a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3).

According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant maintained a house that he used to grow marijuana. PSR (d/e 34), ¶ 10. As a result of this house having been burglarized, Defendant began staying there a few times a week to protect his grow operation. Id. ¶ 12.

On March 18, 2013, the burglar, armed with a firearm, returned to the grow house and entered through a second-story window. Id. ¶¶ 13-14. After a struggle, Defendant shot the burglar three times, killing him. Id. ¶ 14. Then, in an effort to protect his grow operation, Defendant placed his marijuana plants in a car, wrapped the burglar's body in a tarp, retrieved the burglar's car and placed the burglar's body in the trunk, and drove the burglar's car to a secluded location. Id. ¶ 16.

As a result of the events on March 18, 2013, Defendant was arrested at his girlfriend's residence. Id. ¶ 20. During a search of

the residence, law enforcement officers found a shotgun, a handgun, and numerous rounds of ammunition for various firearms.  Id. ¶¶ 20-21.  Various individuals reported to law enforcement that Defendant continued to sell marijuana after the shooting incident in March 2013.  Id. ¶ 19.

On February 13, 2015, the Court sentenced Defendant to 27 months' imprisonment on each of Counts One and Five, to run concurrently, and 120 months' imprisonment on Count Three, to run consecutively to the terms of imprisonment imposed on the other two counts.  The Court also imposed a three-year term of supervised release on each count, with the terms to run concurrently.  The original Indictment and Counts Two, Four, Six, Seven, and Eight of the Superseding Indictment were dismissed at Defendant's sentencing.

Defendant is currently incarcerated at FCI Forrest City Low and has a projected release date of May 8, 2024.  As of August 19, 2020, the Bureau of Prisons (BOP) reports that FCI Forrest City Low currently has 17 confirmed cases of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 19, 2020).  The BOP also

reports that an additional 664 individuals at FCI Forrest City Low who contracted COVID-19 have recovered.  Id.  None of the inmates at FCI Forrest City Low who have contracted COVID-19 have died. Id.

On August 4, 2020, Defendant filed a pro se motion for compassionate release (d/e 62) pursuant to 18 U.S.C. § 3582(c)(1)(A).  Attached to this motion is a written request, dated May 26, 2020, by Defendant for compassionate release.  Nothing on this form indicates that the request was submitted to the BOP.

On August 10, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an amended Motion for Compassionate Release was filed.  Defendant requests compassionate release based on his obesity and the COVID-19 pandemic.  At sentencing, Defendant's body mass index (BMI) was 31.3.  See PSR, ¶ 71 (noting that Defendant "stands 5 feet, 9 inches tall and weighs 212 pounds").  Defendant now indicates that he weighs 240 pounds, which gives him a BMI of 35.4.

Defendant proposes to live with his parents if released from custody.  The United States Probation Office, in a Memorandum (d/e 66) addressing Defendant's request for compassionate release,

concludes that Defendant's parents' house is a suitable residence for Defendant.

On August 13, 2020, the Government filed a Response to the Defendant's Motion for Sentence Reduction (d/e 64). According to the Government, the BOP has no record of any requests by Defendant to the BOP for compassionate release. The Government therefore argues that Defendant's motion for compassionate release should be denied because Defendant has not exhausted his administrative rights with the BOP. The Government also opposes Defendant's request for compassionate release on the merits, arguing that obesity does not qualify as an extraordinary and compelling reason that can justify a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

On August 18, 2020, Defendant filed a reply (d/e 67) to the Government's response. In the reply, Defendant cites to several cases in which the Government conceded that an inmate's medical condition that the CDC has identified as a risk factor for COVID-19 is an extraordinary and compelling reason for release. Defendant also notes that he has not been disciplined while in BOP custody and that he has tested negative for COVID-19 three times, with the

most recent negative test occurring on July 31, 2020.

The Government filed a Notice of Additional Persuasive Authority (d/e 68) on August 18, 2020.  The Government cites a recent case from this district in which obesity was not found to be an extraordinary and compelling reason warranting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate

release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and

poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living in a prison.

In addition, Defendant's current BMI is 35.4. The CDC's current position is that individuals with a BMI of 30 or higher are at increased risk of severe illness from COVID-19. See People Who Are at Higher Risk for Severe Illness - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed August 19, 2020). An obese inmate housed in a BOP facility with current cases of COVID-19 has established an extraordinary and compelling reason that can justify a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

That does not mean that every inmate who is obese—or suffers from some other health issue that increases the risk that COVID-19 poses—is entitled to compassionate release, however. After considering the factors set forth in 18 U.S.C. § 3553(a), the Count finds that a reduction in Defendant's term of imprisonment is not

warranted.

In the course of committing his offenses, Defendant shot and killed an armed intruder who broke into the house where Defendant grew and stored marijuana plants.  While the shooting was deemed to be legally justified, this case highlights why possessing, brandishing, or discharging a firearm in furtherance of a drug trafficking crime is a serious offense worthy of significant punishment.  Indeed, Defendant's sole reason for staying at his grow house on the night of the shooting was to protect his marijuana operation from would-be burglars.

In addition, Defendant continued to sell marijuana after having shot and killed a man who tried to steal his marijuana.  And Defendant was arrested at a residence in which two guns and numerous rounds of ammunition were found.  Although Defendant has not been disciplined while in BOP custody, the Court finds that Defendant's release would pose a serious danger to the community. See U.S.S.G. § 1B1.13 (stating that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) requires a finding that "the defendant is not a danger to the safety of any other person or to the community").

## III. CONCLUSION

For the reasons set forth above, Defendant Charles Brackhan's Motion for Compassionate Release (d/e 63) and Defendant's pro se motion for compassionate release (d/e 62) are DENIED.

ENTER: August 19, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
